IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **COUNTY OF SHELBY, THE STATE OF TENNESSEE, ET AL.,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 2:18-cv-02832-SHL-jay ) |
| **COOSA NATIONAL OF NORTH AMERICA (USA) EX REL, ET AL.,** | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On November 29, 2018, Coosa Nation of North America (USA), Oka Nashoba Chikashah Tribe, and Andre Matthews (officially known as Principal Chief Nowanakni Yanash) removed this action from a chancery court proceeding in Shelby County, Tennessee. (D.E. 1). Coosa Nation of North America (USA), Oka Nashoba Chikashah Tribe, and Andre Matthews (officially known as Principal Chief Nowanakni Yanash) have also filed a motion to proceed *in forma pauperis*. (D.E. 2). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added). Further, 28 U.S.C. § 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

This case appears to have originated before an Administrative Law Judge at the Tennessee Board of Equalization regarding an exemption for taxation of a property. (D.E. 1-1 PageID 33). Following an adverse decision by the Administrative Law Judge, Matthews responded to an action in the Chancery Court of Tennessee for the Thirtieth Judicial District at Memphis on behalf of the Oka Nashoba Chikasha Nation. (D.E. 1-1 PageID 9, PageID 43, PageID 54). Also, it appears Matthews initiated an action against the State of Tennessee where Matthews asked the Chancery Court to consolidate several tax actions concerning real property. (D.E. 1-1 PageID 17). The Chancery Court entered a default judgment against delinquent taxpayers for parcel number 08304300000220. (D.E. 1 PageID 46-47). The aforementioned parcel number is listed under the OKA Nashoba Community Development with Matthews as the chief of the Oka Nashoba Chikashah Tribe (D.E. 1 PageID 28, 41). Matthews appealed the decision to the Tennessee Court of Appeals where it is pending. (D.E. 1-1, PageID 6). Matthews, in his notice of removal, frequently refers to himself, Coosa Nation of North America (USA), Oka Nashoba Chikashah Tribe as plaintiffs. (*See* generally D.E. 1) Thus, considering Matthews status in the underlying state court action as both plaintiff and defendant, his current status in the Tennessee Court of Appeals as appellant, and his frequent references to himself as Plaintiff using the scattered information filed, Matthews, Coosa Nation of North America (USA), and Oka Nashoba Chikashah Tribe are not a defendant or defendants able to remove the action. Moreover, 28 U.S.C. § 1446(b)(1), from its language, contemplates a case at the trial court level. An appeal could not have originally been brought in this Court. Consequently, this Court does

not have original jurisdiction. *See* 28 U.S.C. § 1331 and 28 U.S.C. § 1332. Federal district courts have the authority to *sua sponte* determine that removal is improper. *Balzer v. Bay Winds Fed. Credit Union,* 622 F.Supp.2d 628, 629–30 (W.D. Mich. 2009). When resolving any ambiguities in § 1441, the statute is to be construed "strictly because removal encroaches on a state court's jurisdiction." *Balzer,* 622 F.Supp. at 630 (citation and internal quotation mark omitted). Therefore, all doubts about jurisdiction are resolved in favor of remand. *Id.* (citation omitted). Thus, the Magistrate Judge finds that there is not original jurisdiction over a pending appeal in the Tennessee Court of Appeals.

## CONCLUSION

For all these reasons, the Magistrate Judge recommends that this Court dismiss the Complaint in its entirety and remand the case back to the state court. Consequently, the Magistrate Judge recommends finding the pending Motion for Leave to Proceed *in forma pauperis* as moot.

Respectfully Submitted this 26th day of June, 2019.[1]

                                                           **s/Jon A. York**
                                                         UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[1] This Report and Recommendation was mistakenly entered as a docket text entry only on June 4, 2019. Due to this mistake, the report and recommendation was refiled today, June 26, 2019. Any objections or exceptions to this report and recommendation must be filed within fourteen (14) days after being served with a copy of this report and recommendation dated June 26, 2019.