**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| COUNTY OF SHELBY, THE STATE OF TENNESSEE, ET AL., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 2:18-cv-02832-SHL-jay ) |
| COOSA NATION OF NORTH AMERICA (USA) EX REL, ET AL., | ) ) ) ) |
| Defendants. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING THE COMPLAINT AND DENYING DEFENDANTS' MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Before the Court is Magistrate Judge Jon A. York's Report and Recommendation ("R&R"), filed on June 26, 2019, recommending that the Court dismiss the Complaint of Coosa Nation of North America (USA), Oka Nashoba Chikashah Tribe and Mr. Andre Mathews (officially known as Principal Chief Nowanakni Yanash) in its entirety, remand the case back to state court and deny as moot the pending Motion for Leave to Proceed *in forma pauperis*. (ECF No. 11.)

First, by way of background, Mr. Mathews initiated the underlying state court action to consolidate several tax matters. (ECF No. 1, Page ID 17) After appealing an adverse decision in that action to the Tennessee Court of Appeals, (ECF No. 1), Mr. Mathews removed that case to this Court, arguing that the federal court has jurisdiction based on his status as a Native American. (Id. at PageID 2.) He has also filed a motion to proceed *in forma pauperis*. (ECF No. 2.) Judge York, upon consideration of the issues, recommended the case be remanded to state court, given Mr. Mathews' status in the underlying state court action as both plaintiff and

defendant, his frequent references to himself as Plaintiff and his current status in the Tennessee Court of Appeals as appellant. (ECF No. 11.)

On July 10, 2019, Defendant filed objections to the Magistrate Judge's R&R. (ECF No. 12.) He objects to the Magistrate Judge's conclusion that there is not original jurisdiction in federal court, arguing that only federal court has jurisdiction over matters involving Native Americans. (Id.)

For the reasons more fully outlined below, Judge York's Report and Recommendation is **ADOPTED**, the Complaint is **DISMISSED**, and his Motion to Proceed *in forma pauperis* is **DENIED as moot**.

## **FACTS**

The following facts are taken from Judge York's R&R.[1]

This case appears to have originated before an Administrative Law Judge at the Tennessee Board of Equalization regarding an exemption for taxation of property. (ECF No. 1, PageID 41.) Following an adverse decision by the Administrative Law Judge, on October 15, 2018, Mr. Mathews initiated an action against the State of Tennessee in Chancery Court, seeking to consolidate several tax actions concerning real property. (ECF No. 1, PageID 17.) The Chancery Court entered a default judgment against delinquent taxpayers for parcel number 08304300000220. (ECF No. 1, PageID 54–56.) The aforementioned parcel number is listed as connected to the Oka Nashoba Community Development, with Mr. Mathews as the chief of the Oka Nashoba Chikashah Tribe. (Id.) Mr. Mathews appealed the decision to the Tennessee Court of Appeals where it is still pending.

---

[1] Mr. Mathews's Objections to the R&R did not include any objection to the facts as presented by Judge York. Therefore, upon reviewing the case for abuse of discretion, the Court adopts those facts.

2

On November 29, 2018, Coosa Nation of North America (USA), Oka Nashoba Chikashah Tribe and Mr. Mathews removed the Chancery Court case to this Court. (ECF No. 1.) Coosa Nation of North America (USA), Oka Nashoba Chikashah Tribe and Mr. Mathews have also filed a motion to proceed *in forma pauperis*. (ECF No. 2.)

## ANALYSIS

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews *de novo* only those proposed findings of fact or conclusions of law to which a party specifically objects. Id.; see also Fed. R. Civ. P. 72(b)(3).

Defendant objects to the Magistrate Judge's finding that the federal court does not have original jurisdiction. (ECF No. 12.) Defendant argues that the Oka Nashoba Chikashah Tribe is an "ethnological Indian" tribe, (ECF No. 12, PageID 87), and, as such, the state court does not have jurisdiction to adjudicate a matter relating to the taxation of Native Americans. (Id.) He specifically points to 28 U.S.C. § 1362, which grants federal courts original jurisdiction over civil actions involving Native American tribes, as well as other federal case law, in support of his argument. (Id.)

Under 28 U.S.C. § 1341, "the district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Notwithstanding this provision, the federal courts have original jurisdiction "of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in

controversy arises under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1362. However, only a tribe or body duly recognized by the Secretary of the Interior can rely on this provision to overcome the applicability of § 1341. See id. The Oka Nashoba Chikashah Tribe is not federally recognized by the Department of the Interior. See Department of the Interior, Bureau of Indian Affairs; Indian Entities Recognized by and Eligible To Receive Services From the United States Bureau of Indian Affairs, 84 Fed. Reg. 1200–05 (Feb. 1, 2019). Thus, Mr. Mathews may not rely on 28 U.S.C. § 1362 to establish original jurisdiction.

Mr. Matthew's objection that original jurisdiction is established under 28 U.S.C. § 1362 is **OVERRULED**.

## **CONCLUSION**

Based on the foregoing, the Court **OVERRULES** Mr. Mathews's objection and **ADOPTS** Judge York's Report. The Court **DISMISSES** Mr. Mathews's complaint for lack of jurisdiction and **REMANDS** the matter back to state court. Because the Court is dismissing the complaint, Mr. Matthew's motion to proceed *in forma pauperis* is **DENIED as moot**.

**IT IS SO ORDERED,** this 20th day of February, 2020.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE
